UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICKY BASS,

    Plaintiff,

v.

IKEA U.S. EAST, LLC,

    Defendant.
_____/

Case No. 16-cv-10694

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
STEPHANIE DAWKINS DAVIS

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND [6]**

**I. INTRODUCTION**

Plaintiff filed this action in state court asserting negligence after injuring herself on an allegedly dangerous condition on Defendant's property. Defendant removed the action to federal court on February 26, 2016. *See* Dkt. No. 1. This matter is before the Court on Plaintiff's Motion to Remand. *See* Dkt. No. 6. The motion has been fully briefed. A hearing was held and oral argument was heard on May 4, 2016. For the reasons discussed below, the Plaintiff's Motion to Remand is **DENIED**.

**II. LAW AND ANALYSIS**

Generally, a civil case brought in a state court may be removed by a defendant to federal court if it could have been brought there originally. 28 U.S.C.

§ 1441(a). A federal district court has original "diversity" jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest. 28 U.S.C. 1332(a). A defendant removing a case has the burden of proving the diversity jurisdiction requirements. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). The "determination of federal jurisdiction in a diversity case is made as of the time of removal." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). Here, the parties agree that complete diversity exists between the parties. The only issue before the Court is the amount-in-controversy.

> [a] defendant wishing to remove a case bears the burden of satisfying the amount-in-controversy requirement. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir.1993). Normally, "the sum claimed by the plaintiff controls," *id.* at 156, but where plaintiffs seek "to recover some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement," the defendant satisfies its burden when it proves that the amount in controversy "more likely than not" exceeds $75,000, *id.* at 158.

The Sixth Circuit has stated that:

*Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006). The Sixth Circuit has also recently clarified that the amount-in-controversy is appraised directly from "the plaintiff's complaint." *See Siding & Insulation Co. v. Acuity Mut. Ins. Co.*, 754 F.3d 367, 369 (6th Cir. 2014).

In the complaint, Plaintiff failed to identify with any particularity the amount of damages claimed. Instead, Plaintiff's complaint contends that damages are "in

excess of $25,000." Complaint, p. 4. "The Court finds that this 'unspecified amount . . . is not self-evidently greater or less than the federal amount-in-controversy requirement,' and that Defendant must thus prove the amount-in-controversy 'more likely than not' exceeds $75,000." *Barber v. Zurich American Ins. Co.*, No. 14–12752, 2015 WL 93530, *2 (E.D. Mich. January 7, 2015) (quoting *Everett*, 460 F.3d at 822).

Defendant argues that Plaintiff's refusal to stipulate that her damages will not exceed $75,000 is evidence that may be justifiably relied upon in removing an action under *Barber*. The Court disagrees. In *Barber*, the court denied a motion to remand, in part relying on the Plaintiff's refusal to stipulate that her damages would not exceed $75,000. *Id.* at *2. However, the *Barber* court noted that the refusal took place before the removal, and was cited within the text of the Notice of Removal itself. *Id.* Therefore, the Plaintiff's refusal was known *at the time of removal*.

Here, Plaintiff's refusal to stipulate was not cited in the Defendant's Notice of Removal. *See* Dkt. No. 1. The Notice of Removal was filed on February 26, 2016. The record shows that Plaintiff did not refuse the stipulation until March 23, 2016. *See* Dkt. No. 8 (Exhibit B). Therefore, Plaintiff's refusal was not known until nearly a month after the Defendant's removal. As stated above, the determination for jurisdiction is made at the time of removal. Therefore, any post

removal stipulations—and stipulation refusals—are not considered. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000) ("Because jurisdiction is determined as of the time of removal, events occurring after removal that reduce the amount in controversy do not oust jurisdiction.").

However, there is still enough in the Complaint to conclude that the amount-in-controversy exceeds $75,000. The Complaint lists physical injuries to the Plaintiff's left hand/arm, face (including a broken nose), head, right knee, and upper/lower back. Complaint, p. 3. The Complaint also requests relief for pain and suffering, mental anguish, and "further injuries, which have not yet been diagnosed or manifested themselves." *Id.* Furthermore, the Complaint alleges that Plaintiff "has been required to incur substantial sums of money" for medical care to alleviate the "pain, discomfort, mental anguish and permanent injuries sustained by her" in the incident. *Id.* Moreover, the Complaint also alleges that the Plaintiff will "in the future incur expenses for medical care, services, and supplies . . . and will likely incur expenses for special needs, therapy, and/or rehabilitation." *Id.* at 4. Therefore, at the time of removal, the amount-in-controversy more likely than not exceeded $75,000. Accordingly, the Motion to Remand will be denied.

### III. CONCLUSION

For the reasons discussed above, the Plaintiff's Motion to Remand is **DENIED**.

-5-

IT IS SO ORDERED.

Dated: May 4, 2016 /s/Gershwin A Drain
Detroit, MI H<small>ON</small>. G<small>ERSHWIN</small> A. D<small>RAIN</small>
United States District Court Judge